**F I L E D**

MAR 26 2026

Judge Edmond E. Chang
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 725 |
| v. | Hon. Edmond E. Chang<br>District Judge |
| NATHALI RAMIREZ | |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and the defendant, NATHALI RAMIREZ, and her attorneys, RYAN LEVITT and CHRIS GROHMAN, hereby agree to the following:

Defendant has been charged by superseding information with a misdemeanor violation of Title 18, United States Code, Section 111(a)(1). Defendant understands that she has a right to have her guilt or innocence of the charges determined by a jury of her peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives her right to assert that her trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the superseding information for 6 months for the purpose of allowing defendant to demonstrate her good conduct during this period. For the purpose of demonstrating her good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

1.    Defendant shall not violate any federal, state, or local law. Defendant shall immediately contact her pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. Defendant shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If defendant loses her job or is unable to attend school, defendant shall notify her pretrial diversion supervisor at once.

3. Defendant shall report to her pretrial diversion supervisor as directed.

4. Defendant shall continue to reside in her current judicial district. If defendant intends to move out of that district, defendant shall inform her pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for defendant's supervision.

5. Defendant shall not possess any firearm or apply for any Firearm Owner's Identification card.

6. Defendant shall complete 25 documented hours of community service. The specific type of community service performed must be approved by both Pretrial Services and the government.

## Admissions by Nathali Ramirez

By signing this Agreement, defendant admits the facts set forth in a separate letter agreement with the United States Attorney executed the same date as this Agreement, and she agrees that these admissions may be used against her in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that she has breached this Agreement, and the United States resumes or institutes prosecution of the charge against defendant in the superseding information, or any other charge.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Deferred Prosecution Agreement and/or change the period of supervision, which shall in no case exceed twenty-four months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether

defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the superseding information against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising from Delay

I, NATHALI RAMIREZ, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Section 111(a)(1) for the period of 6 months, and to induce the United States Attorney to defer such prosecution, I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that she has read this Agreement and has carefully reviewed each provision with her attorney. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement and the separate letter agreement with the United States Attorney. Defendant further acknowledges that

3

she understands and voluntarily accepts each and every term and condition of this Agreement.

_____  Date: 3/26/2026
NATHALI RAMIREZ
Defendant

_____  Date: 3/26/26
CHRISTOPHER GROHMAN
Attorney for Nathali Ramirez

_____  Date: 3/26/2026
JOHN PAVLETIC
Assistant U.S. Attorney